UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>Petitioner,<br><br>v.<br><br>HEARTLAND CAMPUS SOLUTIONS, ECSI,<br><br>Respondent. | Case No. |

## CONSUMER FINANCIAL PROTECTION BUREAU'S
## PETITION TO ENFORCE CIVIL INVESTIGATIVE DEMAND

1. On May 18, 2017, the Consumer Financial Protection Bureau (Bureau) issued a civil investigative demand (May 18 CID) to Heartland Campus Solutions, ECSI (Heartland). The CID was issued as part of a nonpublic investigation to determine whether a student loan servicer or other persons have engaged or are engaging in unlawful acts and practices in connection with the servicing of student loans in violation of the Consumer Financial Protection Act of 2010, 12 U.S.C. §§ 5531, 5536; the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.*, and its implementing Regulation V, 12 C.F.R. Part 1022, or any other federal consumer financial law in connection with furnishing credit report information on and servicing student loans. The May 18 CID required Heartland to produce documents and provide answers to interrogatories by June 19, 2017.

2. On May 24, 2017, pursuant to the Bureau's rules, Heartland met and conferred with Bureau investigators. During this meet and confer, Heartland objected to the Notification of Purpose in the May 18 CID, maintaining that it did not comply with 12 U.S.C. § 5562(c)(2).

3. On June 9, 2017, the Bureau withdrew the May 18 CID and issued a new CID

(June 9 CID) to Heartland. The June 9 CID contained a modified Notification of Purpose. The modified notification of purpose did not contain reference to violations of "any other federal consumer financial law" and provided additional specificity regarding the possible violations.

4. On June 19, 2017, pursuant to the Bureau's rules, Heartland met and conferred with Bureau investigators. Heartland reiterated its objection to the Notification of Purpose. Based on the meet and confer concerning the June 9 CID and other representations by Heartland's counsel, the Bureau issued Heartland a letter on June 30, 2017 modifying and clarifying certain interrogatories and document requests.

5. On June 30, 2017, pursuant to the Bureau's rules, Heartland filed a petition to set aside or modify the June 9 CID. The Bureau denied the petition on September 8, 2017, and the Bureau served the order on Heartland on September 13, 2017. That order directed Heartland to comply with the June 9 CID within 10 calendar days.

6. Heartland has not complied with the June 9 CID. Accordingly, the Bureau petitions this Court for an order requiring Heartland to comply with the June 9 CID.

7. In support of this petition, the Bureau has attached the Declaration of Kelly Folks (Folks Declaration). In further support, the Bureau alleges:

### Jurisdiction and Venue

8. This Court has subject-matter jurisdiction under § 1052(e)(1) of the CFPA. 12 U.S.C. § 5562(e)(1).

9. Venue in the Western District of Pennsylvania is proper because Heartland resides, is found, and transacts business in this district. 12 U.S.C. § 5562(e)(1).

### The Parties

10. The Bureau is an administrative agency of the United States. 12. U.S.C. § 5491(a). Kelly Folks is a Bureau investigator who is authorized to serve CIDs pursuant to § 1052(c)(7)(A) of the CFPA. 12 U.S.C. § 5562(c)(7)(A). (*See* Folks Declaration ¶ 3).

11. Heartland services student loans and furnishes credit reporting information

on those loans.

## Service of the CID and Heartland's Failure to Comply

12. To determine whether "Federal consumer financial law" has been violated, § 1052(c) of the CFPA empowers the Bureau to issue a CID whenever it has reason to believe that "any person . . . may have any information[] relevant to a violation." 12 U.S.C. § 5562(c)(1). A CID issued by the Bureau may, among other things, require the recipient to produce documents, respond to interrogatories, provide written reports, and designate a witness to provide oral testimony. *Id.*

13. On June 9, 2017, the Bureau served the June 9 CID on Heartland's counsel by sending it via certified US Mail, return receipt requested, to Heartland's counsel, after Heartland's counsel agreed to accept service. The CID required Heartland to produce documents and respond to interrogatories by July 6, 2017.

14. As required by § 1052(c)(2) of the CFPA, the June 9 CID contained a Notification of Purpose apprising Heartland of the nature of the conduct under investigation and applicable provisions of law.

15. In accordance with 12 C.F.R. § 1080.6(c), counsel for the Bureau and Heartland met and conferred about the June 9 CID via teleconference on June 19, 2017. Counsel for Heartland objected to the Notification of Purpose as drafted in the June 9 CID.

16. The Bureau issued a letter on June 27, 2017 modifying and clarifying certain requests contained in the June 9 CID.

17. Subsequently, Heartland's counsel informed the Bureau that it would not comply with the CID and stated that the company would be filing a petition to modify or set aside the CID (Petition).

18. On June 30, 2017, Heartland filed its Petition with the Bureau.

19. On September 8, 2017, the Bureau's Director denied the Petition and issued an order directing Heartland to produce "all responsive documents, items, and information within

its possession, custody, or control that are covered by the [June 9] CID" within 10 calendar days.

20. On September 29, 2017, Bureau counsel conferred with counsel for Heartland, Allyson Baker of Venable, LLP. Heartland's counsel stated that the company did not intend to comply with the Bureau's June 9 CID.

21. Heartland has not produced documents or provided responses to the interrogatories.

22. Heartland has therefore failed to comply with the June 9 CID duly served upon it.

23. To obtain enforcement of the June 9 CID, the Bureau must establish that: (1) its investigation will be conducted pursuant to a legitimate purpose; (2) the inquiry is relevant; (3) the information demanded is not already within the agency's possession, and that the administrative steps required by the statute have been followed; and (4) the demand for information is not unreasonably broad or burdensome. *Univ. of Med & Dentistry of N.J. v Corrigan,* 347 F.3d 57, 64 (3d. Cir. 1995).

24. Here, the attached Folks Declaration establishes the government's *prima facie* showing of the elements set forth in *Corrigan* for enforcement of the June 9 CID (*See* Ex. 1).

25. The documents and materials described in the June 9 CID may be relevant to determine whether student loan servicers or other persons have engaged in unlawful acts and practices in connection with the servicing of student loans in violation of the Consumer Financial Protection Act of 2010 (CFPA), 12 U.S.C. §§ 5531, 5536, the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.*, and its implementing Regulation V, 12 C.F.R. Part 1022 (*Id.* ¶ 2, 17.)

26. The CID was not issued for any improper purpose, and all administrative steps required by the CFPA and its implementing regulations have been followed (*Id.* ¶ 16, 20.)

27. The Bureau requests the relief set forth below.

WHEREFORE, the Bureau requests:

1. That this Court enter an order directing Heartland to show cause in writing why it should not be required to comply with the June 9 CID;

2. That this Court enter an order directing Heartland to fully comply with the June 9 CID and each of its requirements by ordering the production of materials and documents required by the terms of the June 9 CID;

3. That the Bureau recover its costs incurred in maintaining this action; and

4. That this Court grant such other relief as this Court deems just and proper.

Dated: November 16, 2017

Respectfully submitted,

KRISTEN DONOGHUE
Enforcement Director

DEBORAH MORRIS
Deputy Enforcement Director

CRAIG COWIE
Assistant Litigation Deputy

/s/ Kelly Folks
KELLY FOLKS, VA Bar 72124
(pro hac vice pending)
(Email: Kelly.Folks@cfpb.gov)
(Phone: 202-435-7156)
1700 G Street, NW
Washington, DC 20552
Fax: (202) 435-7722

ALUSHEYI WHEELER, DC Bar 490181
(pro hac vice pending)
(Email: Alusheyi.Wheeler@cfpb.gov)
(Phone: 202-435-7787)
1700 G Street, NW
Washington, DC 20552
Fax: (202) 435-7722

Attorneys for Plaintiff
Consumer Financial Protection Bureau

## PROOF OF SERVICE

I hereby certify that on November 16, 2017, I caused a true and correct copy of the document entitled Petition to Enforce Civil Investigative Demand to be served by U.S. mail and e-mail on counsel for Respondent Heartland Campus Solutions, ECSI as follows:

Allyson B. Baker
VENABLE LLP
600 Massachusetts Ave NW
Washington, DC 20001
ABBaker@Venable.com


                                */s/ Kelly Folks*
                                Kelly Folks   (VA Bar No. 72124)