Exhibit 3



United States of America
Consumer Financial Protection Bureau

# Civil Investigative Demand

| To | Heartland Campus Solutions, ECSI<br>c/o Allyson Baker<br>Venable LLP<br>600 Massachusetts Avenue, NW<br>Washington DC, 20001 | This demand is issued pursuant to Section 1052 of the Consumer Financial Protection Act of 2010 and 12 C.F.R. Part 1080 to determine whether there is or has been a violation of any laws enforced by the Bureau of Consumer Financial Protection. |

## Action Required (choose all that apply)

☐ **Appear and Provide Oral Testimony**

| Location of Investigational Hearing | Date and Time of Investigational Hearing |
|---|---|
|  | Bureau Investigators |

☑ Produce Documents and/or Tangible Things, as set forth in the attached document, by the following date   07/06/2017

☑ Provide Written Reports and/or Answers to Questions, as set forth in the attached document, by the following date   07/06/2017

## Notification of Purpose Pursuant to 12 C.F.R. § 1080.5

The purpose of this investigation is to determine whether student-loan servicers or other persons, in connection with servicing of student loans, including processing payments, charging fees, transferring loans, maintaining accounts, and credit reporting, have engaged in unfair, deceptive, or abusive acts or practices in violation of §§ 1031 and 1036 of the Consumer Financial Protection Act of 2010, 12 U.S.C. §§ 5531, 5536; or have engaged in conduct that violates the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et seq., and its implementing Regulation V, 12 C.F.R. Part 1022. The purpose of this investigation is also to determine whether Bureau action to obtain legal or equitable relief would be in the public interest.

| Custodian / Deputy Custodian | Bureau Counsel |
|---|---|
| Deborah Morris/Naoka Clyburn<br>Consumer Financial Protection Bureau<br>1625 Eye Street<br>Attn: Office of Enforcement<br>Washington DC, 20006 | Carolyn Hahn, Kelly Moore<br>Email: Carolyn.Hahn@cfpb.gov; Kelly.Moore@cfpb.gov<br>Tel: 202-435-7250; 202-435-7156 |

| Date Issued | Signature |
|---|---|
| 06/09/2017 |  |
|  | Name / Title   Deborah Morris/Deputy Enforcement Director |

### Service
The delivery of this demand to you by any method prescribed by the Consumer Financial Protection Act of 2010, 12 U.S.C. § 5562, is legal service. If you fail to comply with this demand, the Bureau may seek a court order requiring your compliance.

### Travel Expenses
Request a travel voucher to claim compensation to which you are entitled as a witness before the Bureau pursuant to Section 1052 of the Consumer Financial Protection Act of 2010, 12 U.S.C. § 5562.

### Right to Regulatory Enforcement Fairness
The CFPB is committed to fair regulatory enforcement. If you are a small business under Small Business Administration standards, you have a right to contact the Small Business Administration's National Ombudsman at 1-888-REGFAIR (1-888-734-3247) or www.sba.gov/ombudsman regarding the fairness of the compliance and enforcement activities of the agency. You should understand, however, that the National Ombudsman cannot change, stop, or delay a federal agency enforcement action.

### Paperwork Reduction Act
This demand does not require approval by OMB under the Paperwork Reduction Act of 1980.

## CIVIL INVESTIGATIVE DEMAND FOR
## PRODUCTION OF DOCUMENTS, AND ANSWERS TO INTERROGATORIES

I. **Requests.**

### Interrogatories

1. Please describe the organizational structure of the Company.

2. Identify all Person(s) responsible for managing customer service for student loan servicing, including but not limited to managing the quality assurance and training of your customer service representatives, during the Applicable Period. For each Person, please state:

    a. the time period(s) during which the Person held the position(s);
    b. whether the Person is currently employed by the Company; and
    c. the Person's current position.

3. Identify all Person(s) responsible for managing the Company's handling of consumer complaints related to student loan servicing during the Applicable Period. For each Person, please state:

    a. the time period(s) during which the Person held the position(s);
    b. whether the Person is currently employed by the Company; and
    c. the Person's current position.

4. Identify all Person(s) responsible for managing the transfer of Student Loans onto the Company's Student Loan Servicing Platform during the Applicable Period. For each Person, please state:

    a. the time period(s) during which the Person held the position(s);
    b. whether the Person is currently employed by the Company; and
    c. the Person's current position.

5. Identify all Person(s) responsible for managing the furnishing of consumer information related to student loans to nationwide Credit Reporting Agencies during the Applicable Period. For each Person, please state:

    a. the time period(s) during which the Person held the position(s);
    b. whether the Person is currently employed by the Company; and
    c. the Person's current position.

6. Identify the Person(s) responsible for overseeing your Student Loan Servicing Platform during the Applicable Period. For each Person, please state:

    a. the time period(s) during which the Person held the position(s);

   b. whether the Person is currently employed by the Company; and
   c. the Person's current position.

7. Describe all payment methods accepted by You that a consumer can use to make a student loan payment without incurring a fee if the payment is made timely.

8. For each one-time and reoccurring fee associated with a payment method for student loans accepted by You, provide the following information:

   a. the amount of the fee;
   b. the time period during which the fee was charged; and
   c. how and when you disclose the fee to consumers.

9. For any fee charged during the Applicable Period for paying off a student loan, provide the following information:

   a. the amount of the fee and/or how the fee was calculated;
   b. the time period during which the fee was charged; and
   c. how and when you disclose the fee to consumers.

10. For any late payment fees charged related to student loans during the Applicable period, provide the following information:

   d. the amount of the fee;
   e. the time period during which the fee was charged; and
   f. how and when you disclose the fee to consumers.

11. Describe the types of routine quality assurance reviews conducted with respect to your customer service or call center representatives handling student loans, including, but not limited to, the substance of the reviews, how often such reviews are conducted, how such reviews are documented, and any disciplinary of other adverse actions taken as a result of such reviews.

12. Describe any routine recording of customer service calls regarding student loans for quality assurance purposes, including but not limited to, the number and frequency of recordings, any review of the calls performed, and how the long the calls are maintained.

13. Describe the process for transferring student loans onto the Company's Servicing Platform, SAL, including but not limited to, how consumers are notified when the servicing of their loan has been transferred to you.

14. Identify and describe all repayment plans available to student loan borrowers with Perkins Loans, Federal Student Loans, and Private Student Loans. Include a description of how all such repayment plans are communicated to consumers and

        any training you provide to your customer service or call center representatives about repayment plans available to your customers.

15. Identify each version of the homepage for https://borrower.ecsi.net/ through which a borrower could log onto and manage her student loan account. For each homepage Identified, provide the following information:

    a. the Bates number for the homepage;
    b. the dates the homepage was live;
    c. the Bates number for all other pages the consumer would have viewed in order to manage her account (including making a payments) through the homepage (i.e., the order flow pages); and
    d. a description of the order flow pages Identified in your response to subpart (c).

16. Identify all databases used by the Company for maintaining student loan accounts, payment processing of student loan payments, handing customer service calls regarding student loans, and tracking and responding to consumer complaints regarding student loans. For each, provide the following information:

    a. The database system name, commercial software name (if different from the system name) and version, and operating system or other technology platform;

    b. The dates during which each database is or was in use;

    c. The names and descriptions of the data fields contained in the database, including for each field:

        i. The logical database name;
        ii. The schema name (or analogous grouping);
        iii. The table or view name;
        iv. The field name;
        v. The data type (e.g., date/time; integer; text);
        vi. The data size;
        vii. A narrative description of the field; and
        viii. A description of the range or set of values which may be entered into the field.

    d. The timeframe for which information in each data field is stored or maintained;

    e. A description of any processes used to assure the accuracy of data included in each database, including any internal controls, internal

      audits, automatically generated audit trail of activity or data modification, or quality assurance programs performed on the database;

    f. The purposes relating to student loan servicing for which the database is used;

17. If, for any request, there are Documents that would have been responsive but that are now unavailable, Identify each Document and its last known location or custodian, and explain why the Document cannot be produced.

## Requests for Documents

1. All policies and procedures regarding fees charged to or costs paid by consumers relating to the Company's servicing of consumers' student loans, including but not limited to convenience fees, late fees, and fees for paying off a loan.

2. Templates of all Documents, including screenshots of webpages, used during the Applicable Period to disclose fees or costs that could be charged to or paid by consumers relating to the Company's servicing of consumers' student loans, including but not limited to convenience fees, late fees, and fees for paying off a loan.

3. Each unique version of Documents the Company uses or has used to train, guide, or advise its call center or customer service representatives in responding to consumer inquiries about student loans, included but not limited to:

    a. policies and procedures;
    b. talking points;
    c. FAQs;
    d. communication strategies;
    e. scripts;
    f. disclosures; and
    g. guidance materials.

4. All policies and procedures regarding when a consumer makes a payment larger than the stated interest and principle due at the time

5. All policies and procedures regarding calculating loan balances, including handling any discrepancies between balances as reflected electronically and in paper statements.

6. All policies and procedures regarding the transfer of student loan servicing to the Company.

7. Templates of all communications to consumers advising that the Company had become the servicer of one or more of their student loans.

8. All of the Company's policies and procedures regarding the servicing of Perkins Loans.

9. All of the Company's policies and procedures regarding loan forgiveness, income-based repayment plans, forbearance options, and deferments available to consumers.

10. Templates of all communications to consumers advising them of any loan forgiveness, repayment plans, forbearance options, and deferments available to them.

11. All of the Company's policies and procedures regarding the furnishing of consumer information related to student loans to Consumer Reporting Agencies.

12. All of the Company's policies and procedures regarding responses to consumers requesting information, disputing, or complaining about errors related to the information that the Company has reported to the Consumer Reporting Agencies about student loans.

13. All Documents containing, discussing, or analyzing complaints or the Company's responses to consumer complaints relating to the servicing of student loans.

14. Templates of all program descriptions, procedures, instructions, directions or other documents sent to consumers regarding the use of the Company's website for managing their student loan accounts or obtaining information related to their student loans.

15. Templates of all student loan billing statements sent to consumers in paper or electronically.

16. All regular reports of fees charged and collected related to student loans, including any generated internally or by any outside auditor.

17. Each homepage and associated webpages (e.g., the order flow pages(s)) identified in response to Interrogatory 15.

II. **Definitions.**

A. "**And**" and "**or**" must be construed both conjunctively and disjunctively.

B. "**Any**" includes "**all**," and "**all**" includes "**any**."

C. "**Company**" or "**you**" or "**your**" means Heartland Campus Solutions ECSI and any successor in interest.

5

D.  "**CFPB**" or "**Bureau**" means the Bureau of Consumer Financial Protection.

E.  "**CID**" means the Civil Investigative Demand, including the Requests, Definitions, and Instructions.

F.  "**Complaints**" shall mean consumer complaints regarding the servicing of Federal, Private, and Perkins student loans.

G.  "**Consumer Reporting Agency**" shall have the same definition as in the Fair Credit Reporting Act, 15 U.S.C. § 1681a(f).

H.  "**Deputy Enforcement Director**" refers to a Deputy Assistant Director of the Office of Enforcement.

I.  "**Document**" means any written matter of every type and description, including electronically stored information. "Document" includes any non-identical copy (such as a draft or annotated copy) of another document.

J.  "**Each**" includes "**every**," and "**every**" includes "**each**."

K.  "**Electronically Stored Information**," or "ESI," means the complete original and any non-identical copy (whether different from the original because of notations, different metadata, or otherwise) of any electronically created or stored information, including but not limited to e-mail, instant messaging, videoconferencing, SMS, MMS, or other text messaging, and other electronic correspondence (whether active, archived, unsent, or in a sent or deleted-items folder), word-processing files, spreadsheets, databases, unorganized data, document metadata, presentation files, and sound recordings, regardless of how or where the information is stored, including if it is on a mobile device.

L.  "**Enforcement Director**" refers to the Assistant Director of the Office of Enforcement.

M.  "**Federal Student Loans**" means education loans made through the Federal Family Education Loan (FFEL) Program and education loans made directly by the federal government through the William D. Ford Federal Direct Loan (Direct) Program.

N.  "**Identify**" means to provide: (a) for natural persons, their name, title or position, present business affiliation, present business address, e-mail address, and telephone number, or if a present business affiliation or present business address is not known, the last known business address, home address, e-mail address, and telephone number; (b) for businesses or other organizations, the name, address, identities of officers, directors, or managers of the business or organization, and contact persons

with e-mail addresses and telephone numbers, where applicable; and (c) for documents, the title, date, authors, recipients, Bates numbers, if applicable, type of document or some other means of identifying the document, and the present or last known location or custodian.

O.   "**Perkins Loans**" refers to loan offered through the Federal Perkins Loan Program.

P.   "**Person**" means an individual, partnership, company, corporation, association (incorporated or unincorporated), trust, estate, cooperative organization, or other entity.

Q.   "**Private Student Loans**" means all education loans except Federal Student Loans.

R.   "**Student Loan Servicing Platform**" means the Company's Stand-A-Loan (SAL) system used to service its portfolio of student loans.

III.   Instructions.

A.   **Sharing of Information:** This CID relates to a nonpublic, law-enforcement investigation being conducted by the Bureau. The Bureau may make its files available to other civil and criminal federal, state, or local law-enforcement agencies under 12 C.F.R. §§ 1070.43(b)(1) and 1070.45(a)(5). Information you provide may be used in any civil or criminal proceeding by the Bureau or other agencies. As stated in 12 C.F.R. § 1080.14, information you provide in response to this CID is subject to the requirements and procedures relating to the disclosure of records and information set forth in 12 C.F.R. pt. 1070.

B.   **Meet and Confer:** As stated in 12 C.F.R. § 1080.6(c), you must contact Enforcement Attorney Carolyn Hahn at 202-435-7250 as soon as possible to schedule a meeting (telephonic or in person) to discuss your response to the CID. The meeting must be held within **10** calendar days after you receive this CID or before the deadline for filing a petition to modify or set aside the CID, whichever is earlier.

C.   **Applicable Period for Responsive Materials:** Unless otherwise directed, the applicable period for the request is from January 1, 2015, until the date of this CID.

D.   **Privilege Claims:** If any material responsive to this CID is withheld on the grounds of privilege, you must make the privilege claim no later than the date set for the production of the material. As stated in 12 C.F.R. § 1080.8(a), any such claim must include a schedule of the documents, information, or tangible things withheld that states, for each:

   1.   its type, specific subject matter, and date;

7

2. the names, addresses, positions, and organizations of all authors and direct or indirect recipients;

3. the specific grounds for claiming the privilege;

4. the request to which the privileged document, information, or thing is responsive; and

5. its Bates number or range.

In addition, the person who submits the schedule and the attorney stating the grounds for the privilege must sign it. A person withholding material solely based on a claim of privilege must comply with the requirements of 12 C.F.R. § 1080.8 rather than file a petition for an order modifying or setting aside a demand under 12 C.F.R. § 1080.6(e). Please follow the enclosed Document Submission Standards for further instructions about producing redacted privileged documents.

E. **Document Retention:** Until you are notified otherwise, you are required to retain all documents and other tangible things that you used or relied on in responding to this CID. In addition, you must retain, and suspend any procedures that may result in the destruction of, documents, information, or tangible things that are in any way relevant to the investigation, as described in the CID's Notification of Purpose. You are required to prevent the destruction of relevant material irrespective of whether you believe such material is protected from future disclosure or discovery by privilege or otherwise. *See* 18 U.S.C. §§ 1505, 1519.

F. **Modification Requests:** If you believe that the scope of the search or response required by this CID can be narrowed consistent with the Bureau's need for documents or information, you are encouraged to discuss such possible modifications, including modifications of the requirements of these instructions, with Enforcement Attorney Carolyn Hahn at 202-435-7250. Modifications must be agreed to in writing by the Enforcement Director or a Deputy Enforcement Director. 12 C.F.R. § 1080.6(d).

G. **Petition for Order Modifying or Setting Aside Demand:** Under 12 U.S.C. § 5562(f) and 12 C.F.R. § 1080.6(e), you may petition the Bureau for an order modifying or setting aside this CID. To file a petition, you must send it by e-mail to the Bureau's Executive Secretary at ExecSec@cfpb.gov, copying the Enforcement Director at Enforcement@cfpb.gov, within 20 calendar days of service of the CID or, if the return date is less than 20 calendar days after service, before the return date. The subject line of the e-mail must say "Petition to Modify or Set Aside Civil Investigative Demand." If a request for confidential treatment is filed, you must file a redacted public petition in addition to the unredacted petition. All requests for confidential treatment must be supported by a showing of good cause in light of applicable statutes, rules, Bureau orders, court orders, or other relevant authority.

8

H. **Certification:** The person to whom the CID is directed or, if it is directed to an entity, any person having knowledge of the facts and circumstances relating to the production, must certify that the response to this CID is true and complete. This certification must be made on the form declaration included with this CID.

I. **Scope of Search:** This CID covers materials and information in your possession, custody, or control, including but not limited to documents in the possession, custody, or control of your attorneys, accountants, other agents or consultants, directors, officers, and employees.

J. **Document Production:** The Bureau encourages the electronic production of all material responsive to this CID; please follow the enclosed Document Submission Standards.

All productions sent by U.S. Postal Service should be addressed to:

> Consumer Financial Protection Bureau
> 1700 G Street, NW
> ATTN: Naoka Clyburn, SEFL, Office of Enforcement, Seat 3029
> Washington, DC 20552

All productions sent by FedEx, UPS, or other courier should be addressed to:

> Consumer Financial Protection Bureau
> 1625 Eye Street NW
> ATTN: Noaka Clyburn, SEFL, Office of Enforcement, Seat 3029
> Washington, DC 20006

Please provide your intended method of production and any tracking numbers by e-mail or telephone to Enforcement Attorney Carolyn Hahn at Carolyn.hahn@cfpb.gov or 202-435-7250.

K. **Document Identification:** Documents that may be responsive to more than one request of this CID need not be submitted more than once. All documents responsive to this CID must be accompanied by an index that identifies: (i) the name of each custodian of each responsive document; (ii) the corresponding Bates number or range used to identify that person's documents; and (iii) the request or requests to which each document responds.

L. **Sensitive Personally Identifiable Information:** If any material called for by these requests contains sensitive personally identifiable information, sensitive health information of any individual, or Suspicious Activities Reports, please contact Enforcement Attorney Carolyn Hahn at 202-435-7250 before sending those materials to discuss ways to protect the information during production. You must encrypt electronic

9

copies of such materials with encryption software acceptable to the Bureau. When submitting encrypted material, you must provide the encryption key, certificate, or passcode in a separate communication.

For purposes of this CID, sensitive personally identifiable information includes an individual's Social Security number alone or an individual's name, address, or phone number *in combination with* one or more of the following: date of birth, Social Security number, driver's-license number or other state-identification number, or a foreign country equivalent, passport number, financial-account number, credit-card number, or debit-card number. Sensitive health information includes medical records and other individually identifiable health information relating to the past, present, or future physical or mental health or conditions of an individual, the provision of health care to an individual, or the past, present, or future payment for the provision of health care to an individual.

M.    **Information Identification:** Each request for a written report or interrogatory in this CID must be answered separately and fully in writing under oath. All information submitted must clearly and precisely identify the request or requests to which it is responsive.

N.    **Submission of Documents in lieu of Reports or Answers:** Documents in existence before your receipt of this CID that contain the information requested in any interrogatory may be submitted as part of or in lieu of an answer to the interrogatory. If you submit documents as part of or in lieu of an answer, you must clearly indicate the specific request to which the documents are responsive, and you must clearly identify the specific portion of the documents that are responsive, including page, paragraph, and line numbers, as applicable.

O.    **Declaration Certifying Records of Regularly Conducted Business Activity:** Attached is a Declaration Certifying Records of Regularly Conducted Business Activity, which may limit the need to subpoena you to testify at future proceedings to establish the admissibility of documents produced in response to this CID. Please execute this Declaration and provide it with your response.

P.    All references to "**year**" or "**annual**" refer to the calendar year. Where information is requested "for each year," provide it separately for each year; where yearly data is not available, provide responsive information for the calendar year to date, unless otherwise instructed.

Q.    **Duty to Estimate**: If you are unable to answer any interrogatory fully, supply such information as is available. Explain why such answer is incomplete, the efforts you made to obtain the information, and the source from which the complete answer may be obtained. If books and records that provide accurate answers are not available, enter best estimates and describe how the estimates were derived, including the sources or bases of such estimates. Estimated data should be followed by the notation "est." If there

is no reasonable way to make an estimate, provide an explanation.