# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CONSUMER FINANCIAL PROTECTION BUREAU**, <br><br> Petitioner, <br><br> v. <br><br> **HEARTLAND CAMPUS SOLUTIONS, ECSI**, <br><br> Respondent. | Case No. 2:17-cv-01502-CB |

## CONSUMER FINANCIAL PROTECTION BUREAU'S OPPOSITION TO HEARTLAND CAMPUS SOLUTIONS, ECSI'S MOTION FOR STAY PENDING APPEAL

The Consumer Financial Protection Bureau (Bureau) issued a civil investigative demand (CID) to Heartland Campus Solutions, ECSI (Heartland) in June 2017 to investigate potential violations of federal consumer financial protection laws. Nine months later, the Bureau still has not received any information in response to its CID.

Over five weeks ago, this Court entered a well-reasoned order requiring Heartland to comply with the June 9 CID. Heartland has failed to demonstrate that the order should be stayed pending Heartland's appeal to the Third Circuit. Heartland cannot establish a likelihood of success on the merits on appeal, nor has it made any showing that it will suffer irreparable harm absent a stay. A stay, moreover, would seriously prejudice the Bureau's – and the public's – interest in expeditiously investigating Heartland's conduct so that the Bureau can take action (if warranted) to protect consumers from any wrongdoing that the investigation uncovers.

**I.     Background**

Heartland's motion is its third attempt to stall the Bureau's investigation. At a meet and confer with Bureau staff following the Bureau's issuance of the May 18 CID, Heartland complained that the Notification of Purpose was not specific enough to identify the conduct under investigation. Pet. at 1. Even though the Notification of Purpose in the May 18 CID did, in fact, meet all legal requirements, the Bureau attempted to accommodate Heartland's stated concern and move the matter forward by withdrawing the May 18 CID and issuing the June 9 CID with a more detailed Notification of Purpose. *Id*. at 1-2. Heartland remained unsatisfied and continued to refuse to comply. *Id*. at 2.

On June 30, 2017, Heartland petitioned the Bureau to set aside or modify the June 9 CID. The Bureau's Director denied Heartland's request on September 8, 2017 and ordered Heartland to comply within ten calendar days. *Id*. Heartland disregarded the order and continued to refuse to comply with the June 9 CID, again citing to concerns about the Notification of Purpose. *Id*.

The Bureau then filed a petition with this Court to enforce the June 9 CID, which this Court granted in its February 28, 2018 order. Heartland, still seeking delay, now seeks a stay pending the outcome of its appeal of this Court's decision to the Third Circuit. To date, Heartland has not produced a single document nor provided responses to any of the interrogatories.

**II.    Legal Standard**

A stay is "an exercise of judicial discretion and the propriety of its issue is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433-34 (2009); *see also Telcordia Tech Inc. v. Telkom SA Ltd.*, 458 F.3d 172, 177 (3rd Cir. 2006). A party seeking a stay "bears the burden of showing his entitlement to a stay." *Clinton v. Jones*, 520 U.S. 681, 708 (1997). Because "[a] stay is an intrusion into the ordinary processes of administration and

judicial review," it "is not a matter of right, even if irreparable injury might result." *Nken*, 556 U.S. at 427.

In deciding whether a stay is warranted, this Court must consider (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). Where the government is the opposing party, the third and fourth factors merge. *Nken*, 556 U.S. at 435.

In addressing the standard for a stay, the Supreme Court has found that "the most critical factors" are the first two: whether the stay movant has demonstrated (1) a strong showing of the likelihood of success and (2) that it will suffer irreparable harm – the latter referring to "harm that cannot be prevented or fully rectified" by a successful appeal. *Nken*, 556 U.S. at 434; *In re Revel AC, Inc.,* 802 F.3d 558, 568 (3rd Cir. 2015) (quoting *Roland Mach. Coto. v. Dresser Indus.*, 749 F.2d 380, 386 (7th Cir 1984)). Of these, the Third Circuit has found that, "[t]hough both are necessary, the former is arguably the more important piece of the stay analysis." *Revel*, 802 F.3d at 568. "[G]reater significance must be placed upon the likelihood that the [moving] party will ultimately succeed on the merits of the litigation." *Constructors Ass'n of W. Pa. v. Kreps*, 573 F.2d 811, 815 (3rd Cir. 1978).

### III. Analysis

Heartland clearly has failed to meet its burden to justify the issuance of a stay. Heartland stands very little chance of success on the merits as its motion merely rehashes arguments it has already lost before this Court, without any explanation of how this Court was mistaken in its analysis. Heartland also has offered no evidence showing that it will suffer irreparable harm if it

is made to comply with the Bureau's CID. Finally, given that the public has a strong interest in the vigorous enforcement of consumer protection laws, harm to the Bureau and the public interest weigh strongly against a stay.

### A. Heartland Cannot Establish a Likelihood of Success on the Merits

Heartland cannot establish the likelihood of success on the merits necessary to obtain a stay and merely rehashes its failed arguments. Despite Heartland's protests to the contrary, the CID at issue here plainly comports with the requirements outlined in the CFPA, the implementing regulation, and relevant case law. *See* 12 U.S.C. 5562(c)(2) ("Each civil investigative demand shall state the nature of the conduct constituting the alleged violation which is under investigation and the provision of law applicable to such violations."); 12 C.F.R. § 1080.5 (requiring that a CID recipient be informed of the "nature of the conduct" and the applicable "provisions of law"). As this Court already has determined, the June 9 CID meets these legal requirements.

Heartland's assertion that the Bureau's "ability to generally define the contours of the investigation, while still complying with the CFPA's statutory obligations to provide notice to a CID's recipient, is an unsettled area of law" (R. Mot. at 5) is incorrect. The case law regarding the enforcement of administrative subpoenas is clear. "[A] notification of purpose may use broad terms to articulate an investigation's purpose" and "the CFPB may define the boundary of its investigation 'quite generally.'" *Consumer Fin. Prot. Bureau v. Accrediting Council for Indep. Colls. & Sch.*, 854 F.3d 683, 690 (D.C. Cir. 2017) (citing *FTC v. Texaco, Inc.*, 555 F.2d 862, 872-74 (D.C. Cir. 1977) and quoting *FTC v. Carter*, 636 F.2d 781, 787-89 (D.C. Cir. 1980)); *see also FTC v. Invention Submission Corp.*, 965 F.2d 1086, 1090 (D.C. Cir. 1992); *CFPB v. Seila Law*, 2017 WL 6536586, at *3 (C.D. Cal. Aug. 25, 2017).

Heartland argues that it is likely to succeed on the merits due to the fact that the Notification of Purpose at issue here is "nearly identical" to the language at issue in the D.C. Circuit's decision in *CFPB v. ACICS*. R. Mot. at 5. As this Court found, however, that is simply incorrect. *See* Order at 8 ("the Court disagrees with Respondent that the Notification of Purpose in this case is 'substantially similar' to the one in ACICS"). In accordance with the applicable legal requirements, the June 9 CID specifies the entities, activities and provisions of law relevant to the investigation, which is squarely within the Bureau's statutory authority to pursue. *Id*. Likewise, Heartland analogizes to *CFPB v. Great Plains Lending*, contending that this matter, like that one, presents a "question of pure law" about which judges and lawyers could reasonably disagree. R. Mot. at 6. But the issue before the court in *Great Plains* concerned conflicts in Ninth Circuit case law regarding the applicability of federal law to Indian tribes. *See CFPB v. Great Plains Lending*, 2014 WL 12685941, at *7-*14 (C.D. Cal. May 27, 2014). That issue is not raised in this case and does not justify a stay here, where the Bureau is operating within a well-settled area of administrative law concerning its ability to investigate and fulfill its statutory mandate.

Finally, Heartland's reliance on the stays granted in *CFPB v. The Source for Public Data* and *CFPB v. Seila Law* is misplaced. Heartland states that those courts are "addressing the same issue", but fails to advise this Court of additional issues raised in those cases. In *Public Data*, the movant raised issues about whether it was subject to the Bureau's jurisdiction, an issue not present here. In *Seila Law*, the movant challenged the constitutionality of the Bureau, also an issue not raised here. In granting those stays, the respective appellate courts included no reasoning in their orders, so it is unclear why the stays were entered.

### B. Heartland Faces No Irreparable Injury Absent a Stay

A party seeking a stay must also show a probability of irreparable injury if the stay is not granted. *Hilton*, 481 U.S. at 776. Heartland falls far short of meeting its burden here. The only 'injury' it articulates is mootness, but it is clearly established under Supreme Court precedent that requiring Heartland to respond to the Bureau's CID will not moot Heartland's appeal.

Heartland argues that its appeal "would be rendered moot, and, thus, functionally deprive [it] of its right to appeal" if it were forced to comply with the June 9 CID, thus causing it irreparable harm. R.'s Mot. at 6. The Supreme Court expressly rejected that argument, however, holding that compliance with an order enforcing an administrative subpoena (such as a Bureau CID) does not render moot any subsequent appeal. *Church of Scientology v. U.S.*, 506 U.S. 9, 13 (1992). The Court explained that such an appeal "is not moot because if the [administrative subpoenas] were improperly issued or enforced a court could order that the [agency's] copies of the [information] be either destroyed or returned." *Id.* at 15; *see also In re Grand Jury Investigation*, 445 F.3d 266, 270-73 (3d Cir. 2006) (under *Church of Scientology*, appeal challenging grand jury subpoena was not rendered moot by compliance with the subpoena).

Indeed, the two cases cited by Heartland highlight the difference between this matter and cases where irreparable harm was a legitimate concern. *See Providence Journal v. FBI*, 595 F.2d 889, 890 (1st Cir. 1979) (granting a stay essentially preventing a newspaper from publishing ostensibly confidential documents during the pendency of appeals regarding the legality of the wiretap through which the FBI obtained the confidential materials); *Buntzman v. Springfield*, 918 F.Supp. 29, 30 (D. Mass. 1996) (granting a stay in an eminent domain proceeding where the plaintiff sought the return of property the government wished to redevelop).

6

### C. A Stay Would Harm the Bureau, Consumers and the Public Interest

Finally, in deciding whether to grant a stay, a court must "assess[] the harm to the opposing party and weigh[] the public interest." *Nken*, 556 U.S. at 435. Here, the harm to the Bureau and the public interest weigh strongly against imposing a stay.

The Third Circuit has held it "beyond cavil that the very backbone of an administrative agency's effectiveness in carrying out the congressionally mandated duties of industry regulation is the rapid exercise of the power to investigate." *Univ. of Med & Dentistry of N.J. v Corrigan,* 347 F.3d 57, 64 (3rd Cir. 2003) (quoting *Fed. Maritime Comm'n v. Port of Seattle*, 521 F.2d 431 (9th Cir. 1975)). And it cannot be doubted that "the public has a strong interest in vigorous enforcement of consumer protection laws." *John Doe Co. v. CFPB*, 235 F.Supp.3d 194, 205 (D.D.C. 2017).

Staying the order enforcing the Bureau's CID would seriously undermine these interests. Any decision from the Third Circuit on Heartland's appeal is likely several months away, if not longer. Delaying enforcement of the CID for that time period would flout the important interest in speedy investigations and generally undercut the Bureau's ability to effectively enforce the laws and protect consumers. The Bureau is seeking information so that it can determine whether Heartland's ongoing business practices violate the law and harm the public. Staying its investigation would unduly delay the Bureau in ever making that determination – and would thwart the Bureau's efforts to ensure that consumers are not harmed by any violations that an investigation might uncover. For these reasons, the Bureau, consumers, and the public would all be harmed by further delay.

## III. Conclusion

Heartland has failed to meet its burden to show any of the requirements necessary for the Court to grant its request to stay enforcement of the Court's February 28, 2018 order pending appeal. Hence, the Bureau asks this Court to deny Heartland's request.

Dated: April 6, 2018

> Respectfully submitted,
>
> KRISTEN DONOGHUE
> Enforcement Director
>
> DEBORAH MORRIS
> Deputy Enforcement Director
>
> CRAIG COWIE
> Assistant Litigation Deputy
>
> */s/ Kelly Folks*
> KELLY FOLKS, VA Bar 72124
> (*admitted pro hac vice*)
> (Email: Kelly.Folks@cfpb.gov)
> (Phone: 202-435-7156)
> 1700 G Street, NW
> Washington, DC 20552
> Fax: (202) 435-7722
>
> ALUSHEYI WHEELER, DC Bar 490181
> (*admitted pro hac vice*)
> (Email: Alusheyi.Wheeler@cfpb.gov)
> (Phone: 202-435-7787)
> 1700 G Street, NW
> Washington, DC 20552
> Fax: (202) 435-7722
>
> Attorneys for Petitioner
> Consumer Financial Protection Bureau

**PROOF OF SERVICE**

I hereby certify that on April 6, 2018, I caused a true and correct copy of the document entitled Consumer Financial Protection Bureau's Opposition to Heartland Campus Solutions, ESCI's Motion for Stay Pending Appeal to be served electronically via ECF to counsel for Respondent Heartland Campus Solutions, ESCI as follows:

> Allyson B. Baker
> Erin Z. Cass
> Alexandra Megaris
> Venable LLP
> 600 Massachusetts Avenue NW
> Washington DC 20001
> ABBaker@venable.com

> */s/ Kelly Folks*
> Kelly Folks   (VA Bar No. 72124)