**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CONSUMER FINANCIAL PROTECTION ) | | |
| BUREAU, ) | | |
| ) | | |
| Petitioner, ) | | Civil Action No. 17-1502 |
| ) | | |
| v. ) | | |
| ) | | Judge Cathy Bissoon |
| HEARTLAND CAMPUS SOLUTIONS, ) | | |
| ESCI, ) | | |
| Respondent. ) | | |

## <u>MEMORANDUM AND ORDER</u>

### I.      MEMORANDUM

Pending before the Court is Respondent Heartland Campus Solutions, ECSI's ("Respondent") Motion to Stay (Doc. 33), which seeks an order staying the Court's February 28, 2018 Order ("Order") (Doc. 29).  For the reasons that follow, Respondent's Motion is **DENIED**.

### A.      BACKGROUND

The Consumer Financial Protection Bureau ("CFPB") issued a Civil Investigative Demand ("CID") to Respondent on June 9, 2017 ("June 9 CID").  On June 30, 2017, the CFPB petitioned the Court to enforce the June 9 CID against Respondent.  (Doc. 1).  On February 26, 2018, the Court held a Show Cause hearing.  Following the Show Cause hearing, the Court issued an Order directing Respondent to fully comply with the June 9 CID.  On March 8, 2018, Respondent noticed its appeal (Doc. 30).  And, on March 26, 2018, Respondent moved the Court for an order staying Respondent's compliance with the June 9 CID, pending appeal.

**B.     ANALYSIS**

As discussed above, Respondent requests that the Court stay Respondent's compliance with the June 9 CID until the Court of Appeals for the Third Circuit resolves the appeal.  A stay is "an exercise of judicial discretion and the propriety of its issue is dependent upon the circumstances of the particular case."  Nken v. Holder, 556 U.S. 418, 433-34 (2009) (internal quotations omitted); see also, Telcordia Tech Inc. v. Telkom SA Ltd., 458 F.3d 172, 177 (3rd Cir. 2006).  A party seeking a stay "bears the burden of showing his entitlement to [it]."  Clinton v. Jones, 520 U.S. 681, 708 (1997).  Because "[a] stay is an intrusion into the ordinary processes of administration and judicial review," it "is not a matter of right, even if irreparable injury might result."  Nken, 556 U.S. at 427.

In deciding whether a stay is warranted, the Court must consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."  Hilton v. Braunskill, 481 U.S. 770, 776 (1987).  Where the government is the opposing party, the third and fourth factors merge.  Nken, 556 U.S. at 435.

Applying the above legal principals, the Court finds that Respondent has not met its burden to demonstrate that a stay is warranted.  As an initial matter, Respondent is not likely to succeed on the merits of its appeal.  Respondent frames the issue being appealed as a question of law to which reasonable judges and attorneys could answer differently.  See Doc. 34 at 5.  The law, however, remains clear:  Section 5562(c)(2) mandates that each Civil Investigative Demand "state the nature of the conduct constituting the alleged violation which is under investigation and the provision of law applicable to such violation."   12 U.S.C. § 5562(c)(2).   As this Court

articulated in its Order, the June 9 CID adequately states the nature of the conduct as well as the applicable provisions of law that Respondent may have violated.

Further, judges and attorneys have not disagreed as to the state of the law.  In opposing the CFPB's Petition, Respondent relied almost exclusively on Consumer Fin. Prot. Bureau v. Accrediting Council for Indep. Colls. & Schs., 854 F.3d 683, 692 (D.C. Cir. 2017) ("ACICS") to avoid responding to the CFPB's CID.  See generally, Doc. 20.  In ACICS, the Court of Appeals for the D.C. Circuit found that a particular CID failed to adequately advise of the nature of the conduct and the provision of law applicable to such violation.  854 F.3d at 692.  As we have noted previously, in reaching this conclusion, the court applied the law to a case with wholly different facts, including a factually distinct CID.  Contrary to Respondent's implication, ACICS did not alter the law's interpretation, and the CID at issue in that case is distinguishable from the one at issue here.

The Court finds also that Respondent will not be irreparably harmed should the Court deny Respondent's Motion.  Respondent argues that its appeal would be rendered moot should the Court not grant a stay.  Doc. 34 at 6.  The Supreme Court of the United States, however, has clearly articulated that compliance with an administrative subpoena does not necessarily moot an appeal.  See Church of Scientology v. U.S., 506 U.S. 9, 12-13 (1992).  The Supreme Court noted that although a court cannot "withdraw all knowledge or information" gained through compliance with the administrative subpoena, "a court could fashion *some* form of meaningful relief."  Id. Thus, a party complying with an administrative subpoena would still have some remaining remedies on appeal.

Although Church of Scientology did not address whether losing some portion of an appellate remedy constitutes irreparable harm, lower courts have addressed this issue.  See

Consumer Fin. Prot. Bureau v. Source for Pub. Data, LP, No. 3:17-mc-16-G-BN, 2017 U.S. Dist. LEXIS 101620, at *1 (N.D. Tex. June 30, 2017); see also, Doe v. United States SEC, No. MC 11-80184 CRB, 2012 U.S. Dist. LEXIS 2850, at *13 (N.D. Cal. Jan. 10, 2012). For instance, in Source for Pub. Data, LP, the United States District Court for the Northern District of Texas—in a nearly identical case—recently decided to enforce the Consumer Financial Protection Bureau's CID against The Source for Public Data, L.P. ("Public Data"). Source for Pub. Data, LP, 2017 U.S. Dist. LEXIS 101620, at *1. After the court entered an order enforcing the CID, Public Data sought a stay pending appeal. Id. at *2. The Northern District declined to grant the stay. Id. at *13. In deciding not to stay, the court found that Church of Scientology's mootness rational applied equally to deciding irreparable harm. Id. at *8-10. Because "a court can fashion 'meaningful relief' by ordering the documents returned," the loss of some portion of relief on appeal does not constitute irreparable harm. See id. at *9 (quoting Church of Scientology, 506 U.S. 9, 13).

Similarly, the Court finds that Respondent will not be irreparably harmed if a stay is not ordered. Although the CFPB cannot unlearn the knowledge gained through interrogatories and document requests, Respondent still has a meaningful remedy on appeal. Should the Court of Appeals reverse the Court's decision to enforce the CFPB's June 9 CID, the Court can order that the CFPB return Respondent's documents, destroy all discovery replies, and prohibit the CFPB from acting upon any information learned from its investigation. While this remedy is not a complete return to the status quo, Respondent will not be irreparably harmed if the Court does not grant a stay.[1]

---

[1] Respondent also argues that it would be unreasonably burdensome to be required to comply with the CID. Respondent, however, has not challenged the CID on that basis, nor has it presented any evidence of the burden of complying with the CID.

Lastly, the final factor does not weigh in favor of granting a stay.  Regarding the public interest, on the one hand, the Court recognizes that the public has an interest in the status quo being maintained while cases are pending appeal.  On the other hand, the "public has a strong interest in vigorous enforcement of consumer protection laws." <u>John Doe Co. v. CFPB</u>, 235 F.Supp.3d 194, 205 (D.D.C. 2017).

The Court additionally finds that the CFPB would be more injured than Respondent by a stay.  Respondent argues that the CFPB will suffer little injury should the Court order a stay because the CFPB has not brought an enforcement action against Respondent.  Doc. 34 at 7.  The Court is not persuaded by this argument.  The CFPB cannot bring an enforcement action until after it has sifted through the relevant documents, data and information obtained through its subpoena.   Staying the enforcement of the CID pending appeal, however, would further stall the CFPB's efforts to obtain documents and information that it requested nine months ago, and it would further derail the CFPB from investigating potential consumer protection violations.

Because Respondent has not shown that the above-mentioned factors weigh in Respondent's favor, Respondent has not met its burden to show that the Court should order a stay pending appeal.

## II.    ORDER

For the reasons stated above, Respondent's Motion to Stay (Doc. 33) is DENIED, and the Court hereby ORDERS that Respondent fully comply with the June 9 CID.


IT IS SO ORDERED.


April 17, 2018                                          s/ Cathy Bissoon_____
                                                       Cathy Bissoon

United States District Judge

CC (via ECF email notification):

All Counsel of Record